WILLIAM T. MACPHERSON *vs.* HENRY WARREN.

WILLIAM T. MACPHERSON *vs.* HERSEY F. WARREN.

Androscoggin County.    Decided August 4, 1936.    At the trial
of these actions of negligence, the defendants, at the close of the
evidence, moved for directed verdicts which were denied and excep-
tions reserved. Verdicts for the plaintiff were returned and the de-
fendants also filed general motions for new trials.

The printed case discloses evidence which tends to prove that on
the 2nd day of May, 1935, as the plaintiff, William T. MacPherson,
attempted to cross Court Street at its intersection with Main Street
in the City of Auburn, he was struck down by a motor truck owned
by the defendant, Hersey F. Warren, and driven by his employee,
the defendant, Henry Warren. The plaintiff was crossing the street
in that part, seasonally designated at least, as a crosswalk and
had reached a point at or near a strip between the street railway
tracks running along the middle of the way when a traffic signal
located near by flashed green for the advance of traffic on Court
Street. He stopped, and the testimony of witnesses justified the find-
ing that on the change of the signal light the defendant, Henry
Warren, started his truck from across Main Street, passed a trol-
ley car proceeding in the same direction and, turning to the left,
drove straight ahead with one set of wheels on the car track. The
plaintiff testifies that he saw the truck veer to the left and come di-
rectly towards him. In an attempt to escape injury, as he says, he
jumped ahead and across the street in front of the truck, but was
struck down and seriously injured.

The accident happened in broad daylight. Although the defen-
dant driving the truck had a clear view of the street in front of him,
he admits that he did not see the plaintiff until the moment of im-
pact. On the facts in evidence, this can be attributed only to
thoughtless inattention. The master and his servant are both
chargeable with negligence.

The jury were not clearly wrong in reaching the conclusion, in-
dicated by their verdicts, that the plaintiff suddenly found him-

self in a position of peril created by the veering of the defendant's truck and its continued advance towards him, and in this emergency was not chargeable with negligence in stepping or even, as it is claimed, jumping forward to avoid being run down.

The verdicts are not manifestly against the weight of the evidence. There is no ground for suspicion that prejudice, passion or improper motive influenced the conclusions of the panel. Despite possible errors and inconsistencies in some details of the testimony of witnesses, the evidence at large appears to be sufficiently consistent with the circumstances and probabilities of the cases to raise a fair presumption of its truth. The damages awarded are not clearly excessive. The verdicts of the jury must stand.

The Exceptions and the Motions for new trials raise the same issues. The entry in each case must be: Motion and Exception overruled. *Peter A. Isaacson, Alton A. Lessard*, for plaintiff. *Frank T. Powers, Wm. B. Mahoney*, for defendants.